**Shellia ADAMS, Plaintiff,**

v.

**MASSACHUSETTS DEP'T OF REVENUE, CHILD SUPPORT ENFORCEMENT DIVISION, Defendant.**

**Civil Action No. 07–10296–NMG.**

United States District Court,
D. Massachusetts.

Sept. 12, 2007.

William R. Bagley, Jr., Dunbar & Rodman, LLP, Newton, MA, for Plaintiff.

Jeffrey T. Collins, Office of the Attorney General, Boston, MA for Defendant.

**MEMORANDUM & ORDER**

GORTON, District Judge.

The defendant in this employment discrimination case has moved to dismiss a portion of the complaint as barred by the doctrine of sovereign immunity. The motion is opposed and will be resolved as follows.

## I. *Background*

The plaintiff, Shellia Adams ("Adams"), alleges a claim of employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII") and the Massachusetts Civil Rights Act, M.G.L. c. 151B ("Chapter 151B"). She is an African American who was hired as an administrative assistant to the Child Support Enforcement Division in the Massachusetts Department of Revenue ("DOR"). She contends that she was wrongfully disciplined and ultimately terminated from the DOR based on her race.

On June 8, 2007, the defendant filed a motion to dismiss the state law claim for discrimination under Chapter 151B on the grounds that sovereign immunity bars actions against the state without its consent and that Massachusetts has not consented to suit in federal court for claims arising under Chapter 151B. A scheduling conference was conducted in this matter on August 16, 2007, at which time the Court also heard oral argument on the pending motion to dismiss. At the conclusion of the hearing the Court announced that a decision on the motion would be rendered on or before September 15, 2007.

## II. *Analysis*

In support of its motion to dismiss, the defendant cites cases generally explaining the sovereign immunity doctrine arising

under the Eleventh Amendment of the United States Constitution but not in the context of a Chapter 151B claim. In opposition, the plaintiff contends that Massachusetts has expressly consented to suit under Chapter 151B because the term "employer" is defined by statute to include the Commonwealth and its divisions. *See* M.G.L. c. 151B, § 1(5) ("The term 'employer' ... shall include the commonwealth and all political subdivisions, boards, departments and commissions thereof"). Under a plain reading of the statute, therefore, any political subdivision of the Commonwealth is clearly subject to liability under Chapter 151B and is not completely immune from lawsuits.

The Massachusetts Supreme Judicial Court ("the SJC") has interpreted Chapter 151B as effecting a waiver of sovereign immunity with respect to suits filed in state court:

> There is no doubt that the antidiscrimination statute, G.L. c. 151B, the statute on which the [defendant's] liability depends, waives the sovereign immunity of the "Commonwealth and all political subdivisions ... thereof" by including them in the statutory definition of persons and employers subject to the statute. G.L. c. 151B, § 1(1) and (5).

*Bain v. City of Springfield,* 424 Mass. 758, 678 N.E.2d 155, 159 (1997).

At the motion hearing, defense counsel argued that the instant case is distinguishable from *Bain* because this case is proceeding in federal court. Neither the language of the statute nor the SJC in *Bain* specifically speak to the issue of whether the state has waived its sovereign immunity with respect to suits brought under Chapter 151B in *federal* court.

While defense counsel could cite no case specifically addressing Chapter 151B claims in federal court, the defendant's memorandum cites *Pennhurst State Sch.* & *Hosp. v. Halderman,* 465 U.S. 89, 97–123, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), in which the United States Supreme Court held that sovereign immunity applies to pendant state law claims that are ancillary to a claim for violation of 42 U.S.C. § 1983, noting that

> it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law.

*Id.* at 106, 104 S.Ct. 900.

The Supreme Court has also held that a state is immune from suit in federal court for actions arising under state law even where the state has expressly consented to suit in state courts for the same claim. *See Florida Dept. of Health v. Florida Nursing Home Assn.,* 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981). A state may expressly waive immunity to suit in federal court, but only a "clear declaration of the state's intention" to submit to federal jurisdiction will suffice in order to deem sovereign immunity waived. *Id.* at 150, 101 S.Ct. 1032; *see also Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (a state will be deemed to have waived its sovereign immunity only where articulated "by the most express language" or by "such overwhelming implications from the text as [will] leave no room for any other reasonable construction") (internal citations omitted).

With respect to Chapter 151B, the Massachusetts legislature clearly intended to waive immunity in state court, but textual clues in the statute indicate that it did not intend to waive such immunity in federal court. Under § 9, an aggrieved person may commence a civil action

> in the superior or probate court for the county in which the alleged unlawful

practice occurred or in the housing court within whose district the alleged unlawful practice occurred.

The statute elsewhere makes reference to the state superior, probate or housing courts as appropriate venues for litigation but never refers to federal court. *See* M.G.L. c. 151B, § 5 (the attorney general may bring a civil action on behalf of the complainant "in the superior court for the county in which the unlawful practice occurred"); § 6 (proceeding for review of commission's order "shall be brought in the superior court of the commonwealth ... [t]he jurisdiction of the superior court shall be exclusive" and subject to review by the SJC only).

The First Circuit Court of Appeals has expressed no view on whether a suit against the Commonwealth or any of its subdivisions is barred by sovereign immunity in federal court. Other sessions of this Court have held at least twice in recent years that such suits are barred. *See Lynch v. Massachusetts State Senate*, 495 F.Supp.2d 175 (D.Mass.2007) (Tauro, J.); *Marsolais v. Massachusetts Dept. of Correction*, 2002 WL 373305, *3–4 (D.Mass. 2002) (Woodlock, J.).

In numerous other cases, however, this Court has presided over actions involving claims under Chapter 151B where the sovereign immunity defense was not raised. *See, e.g., Ahanotu v. Massachusetts Turnpike Authority*, 466 F.Supp.2d 378 (D.Mass.2006) (ruling on motion to dismiss in which defendant raised sovereign immunity defense to claims under 42 U.S.C. §§ 1981 and 1983 but not against Chapter 151B claim); *Heard v. Commonwealth*, 2003 WL 21960726 (D.Mass.2003) (ruling on motion for summary judgment); *Bandera v. City of Quincy*, 220 F.Supp.2d 26, 31 (D.Mass.2002) (punitive damages awarded under Chapter 151B following a jury trial).

At the hearing, plaintiff's counsel argued that because the Commonwealth has consented to jurisdiction in federal court for Chapter 151B claims in the past, sovereign immunity should be deemed waived by prior conduct. Litigation conduct by the state can, in some instances, constitute a constructive waiver of sovereign immunity. For instance, in *Lapides v. Board of Regents of University System of Georgia*, 535 U.S. 613, 122 S.Ct. 1640, 152 L.Ed.2d 806 (2002), the defendant was sued in state court on state claims and under 42 U.S.C. § 1983. The defendant removed the case to federal court and then moved to dismiss the state law claims as barred by sovereign immunity. The Supreme Court held that by removing the case to federal court, the defendant had voluntarily invoked federal jurisdiction and had, therefore, waived any defense of sovereign immunity. *See id.* at 619–20, 122 S.Ct. 1640. In the instant case, by contrast, the complaint was filed in federal court and the defendant immediately moved for dismissal of the Chapter 151B claim on the basis of sovereign immunity.

One could argue that past litigation practice of the Commonwealth, i.e. failure to raise the immunity defense to Chapter 151B claims in federal court, constitutes a constructive waiver of sovereign immunity. The Supreme Court has not, however, held that such past litigation conduct effects a permanent waiver of immunity and this Court declines to do so without such a specific instruction.

■■■ The Commonwealth has the more persuasive argument with respect to sovereign immunity issue in this case. The text of Chapter 151B contemplates litigation only in state court. The specific statutory references to the courts of the Commonwealth raise an inference that federal courts were intentionally omitted by the state legislature because it did not intend

to provide for jurisdiction in federal court. The Commonwealth has not consented to federal jurisdiction over the Chapter 151B claim by its conduct in this case notwithstanding such consent in the past. The defendant's motion to dismiss the Chapter 151B claim will, therefore, be allowed and that claim will be dismissed without prejudice.

### ORDER

The defendant's motion to dismiss the Chapter 151B claim (Docket No. 5) is **ALLOWED** and that claim is **dismissed without prejudice.**

**So ordered.**